UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>Plaintiff,<br><br>v.<br><br>MACOMBER, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-1729-TLN-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, brought this action in state court, and defendants have removed it to this district. ECF No. 1. Such removed complaints are subject to screening. *See Walker v. Departmental Review Bd.*, No. 2:17-cv-02191-AC-P, 2017 U.S. Dist. LEXIS 176242, 2017 WL 11517550 *1 (E.D. Cal. Oct. 24, 2017) ("The screening obligation applies where a complaint is removed from state court."). After reviewing the complaint, I find it non-compliant with Rule 8 of the Federal Rules of Civil Procedure. I will give plaintiff leave to amend so that he may attempt to remedy this deficiency.

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2  immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).
3      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).
13     The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).
20     **II.   Analysis**
21     Plaintiff's complaint is composed of broad and vague allegations that correctional officers
22 at North Kern State Prison have violated inmates' rights by empowering former gang members to
23 extort and terrorize other prisoners. ECF No. 1 at 25. These allegations do not describe specific
24 incidents in which plaintiff's rights were violated, rather they describe systemic wrongdoing
25 perpetrated by staff that facility. These broad claims are non-cognizable because they are
26 insufficiently linked to any of the named defendants and, thus, fail to give each defendant notice
27 of the specific claims against them. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
28 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). For instance, plaintiff alleges that

several defendants "acted in concert" to hire "drop out gang members," but he does not offer any specific allegations as to what role each played or how these defendants' actions directly violated his rights. ECF No. 1 at 30. Elsewhere, he alleges that defendant Singh "rubber stamps" the ignoring of his complaints but does not explain what that means in specific terms. *Id.* at 31. It may be that broad, systemic malfeasance is or has occurred at North Kern State Prison, but plaintiff must offer specific allegations of wrongdoing against each defendant and explicitly connect those misdeeds to violations of his own rights. He should do so concisely and in a manner that is easy to understand.

Plaintiff may file an amended complaint that remedies these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: __August 4, 2025__              _____
                                        JEREMY D. PETERSON
                                        UNITED STATES MAGISTRATE JUDGE

3