1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MATTHEW B. CRAMER,                         Case No.  2:25-cv-1729-TLN-JDP (P)

12                     Plaintiff,

13         v.                                    FINDINGS AND RECOMMENDATIONS

14    MACOMBER, *et al.*,

15                     Defendants.

16

17

18            Plaintiff, a state prisoner, brought this action in state court, and defendants have removed

19    it to this district.[1]  ECF No. 1.  Such removed complaints are still subject to screening.  *See*

20    *Walker v. Departmental Review Bd.*, No. 2:17-cv-02191-AC-P, 2017 U.S. Dist. LEXIS 176242,

21    2017 WL 11517550 *1 (E.D. Cal. Oct. 24, 2017) ("The screening obligation applies where a

22    complaint is removed from state court.").  In my previous screening order, I found the complaint

23    deficient because it failed to meet federal pleading standards.  ECF No. 11.  Plaintiff has filed an

24    amended complaint, ECF No. 13, that suffers from the same deficiencies.  Accordingly, I

25    recommend that this action be dismissed for failure to state a cognizable claim.

26

27            [1] Plaintiff has filed two motions to proceed *in forma pauperis* on appeal.  ECF Nos. 18 &
       19.  Those motions are denied as moot since the Court of Appeal dismissed plaintiff's appeal.
28    *See* ECF Nos. 20 & 22.

### I.    Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### II.    Analysis

As in his previous complaint, plaintiff broadly alleges that correctional officers at North Kern State Prison have violated inmates' rights by empowering former gang members to extort and terrorize other prisoners. ECF No. 13 at 6-9. Plaintiff does not tie these complaints about the general conditions at the prison to any specific violations of his own rights. And, although he

1    vaguely alleges that all the named defendants have endorsed or ignored the dire circumstances at

2    the prison, he fails to tie any of their actions or inactions to any specific injury that he has

3    suffered.  He does, on one page of the complaint, reference "retaliation for whistle blowing," but

4    he does not connect this alleged retaliation to any named defendant.  *Id.* at 14.  Thus, he fails to

5    give each defendant notice of the specific claims against them.  *See Bell Atlantic Corp. v.*

6    *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

7        Plaintiff does allege that other named inmates have been threatened, injured, or made too

8    scared to seek medical attention.  ECF No. 13 at 13.  In one of the few specific allegations of

9    wrongdoing against the named defendants, plaintiff alleges that defendants Curry and Avila

10    enabled an assault on an inmate named John D'Angelo.  *Id.* at 17-18.  All of these claims are non-

11    cognizable, however, because plaintiff does not have standing to bring claims on behalf of other

12    inmates.  *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("[A] litigant appearing in

13    propria persona has no authority to represent anyone other than himself").

14        I have already afforded plaintiff an opportunity to amend so that he may remedy these

15    deficiencies, and he has failed to do so.  Accordingly, I now recommend that this action be

16    dismissed without leave to amend.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that

17    repeated failure to cure deficiencies by amendment may weigh in favor of dismissal without leave

18    to amend).  If plaintiff has other, more specific allegations to make, he may note as much in his

19    objections to these findings and recommendations.

20        Accordingly, it is hereby ORDERED that plaintiff's motions to proceed *in forma*

21    *pauperis*, ECF Nos. 18 & 19, are DENIED

22        Further, it is RECOMMENDED that the first amended complaint, ECF No. 13, be

23    DISMISSED without leave to amend for failure to state a cognizable claim.

24        These findings and recommendations are submitted to the United States District Judge

25    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

26    service of these findings and recommendations, any party may file written objections with the

27    court and serve a copy on all parties.  Any such document should be captioned "Objections to

28    Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

1    within fourteen days of service of the objections.  The parties are advised that failure to file

2    objections within the specified time may waive the right to appeal the District Court's order.  *See*

3    *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

4    1991).

5

6    IT IS SO ORDERED.

7

8    Dated:    November 18, 2025                          _____

9                                                        JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28